UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAETAN PELLETIER,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, Commissioner of Internal Revenue, Megan Harris, Revenue Agent, and Marilyn Winters, Group Manager,<br><br>          Defendants. | Case No.: 3:18-cv-1331-BTM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS**<br><br>**[ECF Nos. 1, 5, 8]** |

  Pending before the Court is Defendant United States' Motion to Dismiss, as well as Plaintiff Gaetan Pelletier's Motion to Quash the IRS summons, stay the summons, sanction Defendants, and move the contested audit from the San Marcos IRS Office to the downtown San Diego Office. (ECF Nos. 1, 5, 8). Plaintiff also requests oral argument. (ECF No. 8).

  For the reasons set forth below, Plaintiff's Motions are **DENIED**, (ECF Nos. 1, 8) and the United States's Motion to Dismiss is **GRANTED**. (ECF No. 5).

//

1

3:18-cv-1331-BTM

## I. BACKGROUND

On June 19, 2018, Plaintiff Pelletier, proceeding pro se, moved to "quash all administrative summons issued by the San Marcos, CA IRS office to Wells Fargo and to whichever other banking institutions presently unknow[n] to Plaintiff." (ECF No. 1 at 1). In the alternative, Plaintiff asks the Court to move the audit out of the San Marcos IRS Office and to the downtown San Diego IRS Office. (ECF No. 1). Plaintiff alleges that he has been audited numerous times without revealing any tax liabilities, and that the request for an audit of taxes from 2015 is yet another example of the San Marcos IRS office's efforts to harass Plaintiff through bad faith summonses. (ECF No. 1).

On July 27, 2018, Defendant United States filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 5). Plaintiff's response included a motion requesting a stay on the summons, sanctions on Defendant, oral argument, and removal of the audit from the San Marcos IRS Office to the downtown San Diego IRS Office. (ECF No. 8).

## II. DISCUSSION

The United States asserts that Plaintiff's claim is barred by the doctrine of sovereign immunity and the Anti-Injunction Act, 26 U.S.C. § 7421, depriving the Court of jurisdiction over the matter. (ECF No. 5). Plaintiff opposes, arguing that pro se litigants are entitled to leniency and that the Court has jurisdiction over "matters that pertain to tax payers being harassed by [the] IRS." (ECF No. 8 at 5). Plaintiff's arguments are unavailing. The Court will address each in turn.

### A. Jurisdiction

The Court lacks jurisdiction over Plaintiff's Motion to Quash. Plaintiff's suit seeks injunctive relief against the United States, and therefore operates against the United States rather than the individually named IRS employees. *See Gilbert*

*v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (stating "a suit against IRS employees in their official capacity is essentially a suit against the United States" and holding "to the extent [the IRS employees] were sued in their official capacity . . . the claims were barred by the doctrine of sovereign immunity"). Given that the United States is the defendant, Plaintiff must contend with sovereign immunity.

The United States is immune from suit except when it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *Gilbert*, 756 F.2d at 1458. The taxpayer bears the burden of showing an unequivocal waiver of immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).

The timing of Plaintiff's Motion to Quash bears on whether the United States waived sovereign immunity. Upon the IRS giving notice of a summons to a third party, the taxpayer has twenty days to move to quash the summons. *See* 26 U.S.C. § 7609(a), (b)(2)(A). This 20-day filing requirement "is a condition precedent to the waiver of sovereign immunity." *Ponsford vs. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *but see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) (allowing for equitable tolling in suits against the United States). In relevant part, the statute provides that "notice of the summons shall be given to [the person identified in the summons] within 3 days of the day on which such service is made." 26 U.S.C.A. § 7609(a)(1). The notice is sufficient if, among other methods, it was mailed to the person's last known address. 26 U.S.C.A. § 7609(a)(2). The person identified in the summons "shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given." 26 U.S.C.A. § 7609(b)(2)(A). The 20 days runs from the date the notice is mailed to the taxpayer. *See, e.g., Shipley v. United States*, 1994 WL 731541 at *1 (E.D. Cal. Sept. 27, 1994) (citing *Stringer v. United States*, 776 F.2d 274, 275-276 (11th Cir. 1985) (holding notice is "given

on the date it is mailed" and noting courts "unanimously have rejected the argument" that "the requisite notice is not 'given' until its receipt" by the taxpayer)).

Here, the IRS sent the summons to Wells Fargo on May 24, 2018. (ECF No. 5-2, Exh 1.). The IRS also sent Plaintiff a copy of the summons by certified mail on May 24, 2018, satisfying the notice requirements in 26 U.S.C. § 7609(a)(2). (ECF No. 5-2, Exh. 2). Plaintiff moved to quash the summons on June 19, 2018, exceeding the twenty-day filing limit set forth in 26 U.S.C. § 7609(b)(2). (*See* ECF No. 1). Plaintiff does not contest the adequacy of notice or that the Motion to Quash was untimely, nor does he proffer any persuasive arguments for equitable tolling. *See Ponsford*, 771 F.2d at 1309; *Irwin*, 498 U.S. at 95-96. The Court finds that notice was sufficient and Plaintiff's motion was untimely. Accordingly, the Court lacks jurisdiction because the United States has not unequivocally waived its sovereign immunity.

**B. Anti-Injunction Act**

The other relief Plaintiff seeks is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. The Anti-Injunction Act provides that, with limited statutory exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Act's purpose is to permit the government to assess and collect taxes it determines to be owed without judicial intervention. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). "Courts have interpreted the Anti–Injunction Act broadly, applying it not only to the assessment and collection of taxes, but also to activities that may culminate in the assessment or collection of taxes." *Sterner v. U.S. Drug Enf't Agency*, 467 F. Supp. 2d 1017, 1027 (S.D. Cal. 2006). This includes attempts to thwart examination that may culminate in tax assessment or collection. *Id.* (citing

*Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003)). In other words, if the "primary purpose of [the] lawsuit is to prevent the Service from assessing and collecting income taxes," then it falls within the Act's ambit. *Sterner*, 467 F. Supp. 2d at 1028 (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 738 (1974)).

The alternative relief Plaintiff seeks—staying the summons, sanctioning Defendants, and moving the audit from San Marcos to the downtown San Diego IRS Office—all appear to be designed to restrain the examination and assessment of Plaintiff's taxes. There is no evidence of harassing behavior in connection with the 2015 tax audit. The IRS reasonably determined that the audit should take place in San Marcos, which is 5 miles from Plaintiff's last known address, whereas the downtown San Diego office is approximately 40 miles away. (ECF No. 5-2 ¶ 4). The IRS employees in San Marcos had nothing to do with the decision to audit Plaintiff. (Id.) Plaintiff confuses the repeated notices from Wells Fargo with communications from the IRS; the IRS has issued only one summons for the 2015 tax audit. (*See* ECF No. 1). Plaintiff's chief complaint with the San Marcos IRS Office seems to be that the office thoroughly audited him in the past, consuming much of his time. (*See* ECF No. 8). This complaint cannot overcome the Anti-Injunction Act's mandate.

As for Plaintiff's allegations that Defendants' counsel made representations about moving the audit in settlement discussions, the Court sees no grounds for sanctions. Plaintiff states he has previously availed himself of internal IRS processes to transfer the audit from San Marcos to downtown San Diego, with success. (ECF No. 8 at 3-4). The relief Plaintiff seeks falls within the ambit of the Anti-Injunction Act's prohibition against lawsuits that seek to restrain how the IRS may assess taxes. Judicial intervention is not only inappropriate but is also unnecessary. (ECF No. 8 at 3). The Court concludes that Plaintiff's requests for alternative relief are barred by the Anti-Injunction Act.

The statutory and judicial exceptions to the Anti-Injunction Act do not apply here.  The Supreme Court has construed the Anti-Injunction Act as including an equitable exception under which the plaintiff taxpayer can file an action upon showing that "under no circumstances could the Government ultimately prevail." *Enochs*, 370 U.S. at 7.  Defendant persuasively argues that the United States could prevail upon showing "the 2015 audit was not initiated as retaliation for prior conflicts with the IRS San Marcos office, given that the personnel in that office were not involved in selecting Plaintiff's 2015 tax year for audit." (ECF No. 9 at 5).  Plaintiff is not entitled to equitable relief under this theory.

Nor is Plaintiff entitled to relief for lack of adequate remedy at law.  *See Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 314 (9th Cir. 1982) ("Payment of the tax followed by a suit for refund constitutes an adequate remedy at law.").  Plaintiff could have contested the summons within the 20 day filing window under 26 U.S.C § 7609, and may still bring a suit for a refund after paying the tax. *See id.*

Given the foregoing, the Court lacks jurisdiction, both because the motion was untimely and because Plaintiff's complaint for other relief is barred by the Anti-Injunction Act.  Therefore, the Court GRANTS Defendant's Motion to Dismiss.  Because the Court lacks jurisdiction, Plaintiff's Motions are DENIED.

IT IS SO ORDERED.

Dated:  March 15, 2019

Honorable Barry Ted Moskowitz
United States District Judge